

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
KIMBERLY PATELLA,

                Plaintiff,

-against-

SGT. ALBERT ANZALONE, Shield No. 1262, Individually and in his Official Capacity, Officer JOHNNY CASTILLO, Shield No. 5895, Individually and in his Official Capacity, and Police Officers "JOHN DOES" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                Defendants.
---------------------------------------------------------

COMPLAINT

JURY TRIAL
DEMANDED

Plaintiff, KIMBERLY PATELLA, by and through her attorneys, THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Kimberly Patella, Date of Birth 12/25/1985 SS# xxx-xx-4262 pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Kimberly Patella, Docket No. or ~~Indictment No.~~ 2013R1006747, in Criminal Court, County of Richmond, State of New York, relating to my arrest on or about 3/16/13, may be made available for use in Civil Action Kimberly Patella v. Sgt. Albert Anzalone, (S.D.N.Y.) et al. Docket no. not yet assigned

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

SIGNATURE

STATE OF NEW YORK     )
                      : SS.:
COUNTY OF New York    )

On this 28th day of February, 2014 before me personally came Kimberly Patella, to me known and known to me to be the individual described in and who executed the foregoing instrument, and she acknowledged to me that she executed the same.

NOTARY PUBLIC

YINA E. RAMIREZ
Notary Public – State of New York
No. 01RA6265797
Qualified in New York County
[illegible] 2016

May 18, 2011

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, KIMBERLY PATELLA, is, and has been, at all relevant times, a resident of Kings County, State of New York.

7. At all times hereinafter mentioned, the individually named Defendants, SGT. ALBERT ANZALONE, Shield No. 1262, POLICE OFFICER JOHNNY CASTILLO, Shield No.5895 and POLICE OFFICERS "JOHN DOES" 1 through 2, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

8. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

9. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment with the City of New York and the New York City Police Department.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment with the City of New York and the New York City Police Department.

11. Plaintiff sues each and all Defendants in both their individual and official capacities.

## FACTS

12. On or about August 16, 2013, at approximately 11:15 p.m., Plaintiff, KIMBERLY PATELLA, was lawfully present at a Sunoco Gas Station located at 700 South Avenue Staten Island, New York when she was ordered to step outside the aforementioned premises by the Defendant POLICE OFFICER JOHNNY CASTILLO.

2

13. Plaintiff was directed to her vehicle by POLICE OFFICER JOHNNY CASTILLO to present copy of her identification.

14. Upon present identification to POLICE OFFICER JOHNNY CASTILLO, said individually named Defendant, forcibly removed Plaintiff from her vehicle, slammed her against the body of the vehicle and promptly threw her to the ground.

15. After Plaintiff was on the ground, POLICE OFFICER JOHNNY CASTILLO continued to apply excessive force to Plaintiff's back and neck.

16. While Plaintiff was on the ground, two other officers, presently known as Defendants JOHN DOES #1 and #2 approached the scene.

17. Defendant JOHN DOES #1 and #2 failed to intervene, stop, limit, or otherwise prevent the actions of POLICE OFFICER JOHNNY CASTILLO.

18. Defendants JOHN DOES #1 and #2 raised the Plaintiff by her arms from the ground.

19. Defendant JOHN DOE #2 proceeded to stomp on Plaintiff's right foot while she was already in custody.

20. Defendant JOHN DOE #1 applied excessive force to Plaintiff's right shoulder when she was already in custody.

21. At this time, POLICE OFFICER JOHNNY CASTILLO proceeded to search Plaintiff's vehicle.

22. Said search did not reveal any evidence of criminal or unlawful activity whatsoever, but Defendant SARGAENT ALBERT ANZALONE and POLICE OFFICER JOHNNY CASTILLO's allegations were that a controlled substance was in plain view which puts into question the need for the search in the first place.

23. POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2 forced Plaintiff into a police car and forcefully took her to a local precinct thereafter at which Plaintiff was kept in custody for a prolonged period of time before releasing her with charges of criminal possession of a controlled substance which at no time did the individually named Defendants have

3

any probable cause or evidence that indicated that Plaintiff had committed any crime or violation of law.

24. As a result of the conduct of POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2, Plaintiff was subjected to illegal, improper search and false arrest, unlawfully taken in to custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

25. Plaintiff was further exposed to public humiliation by being handcuffed and forcefully taken into custody in public view without a reason, explanation or probable cause damaging Plaintiff's individual reputation and/or character among her neighbors and/or local community whom witnessed the aforementioned arrest.

26. At no time on August 16, 2013 did Plaintiff commit any crime or violation of law.

27. At no time on August 16, 2013 did Defendants POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2 possess probable cause to arrest Plaintiff.

28. At no time on August 16, 2013 did any of the individual named Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

29. At no time on August 16, 2013 did Defendant POLICE OFFICER JOHNNY CASTILLO posses probable cause or any privilege to search the Plaintiff's vehicle.

30. In connection with Plaintiff's arrest, the Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE filled out false and/or misleading incident reports and statements alleging Plaintiff's possession of a controlled substance.

31. As a result of the individual Defendants' conduct, the Plaintiff was charged with Criminal Possession of a Controlled Substance in the Fifth Degree.

32. Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE falsely, knowingly, and maliciously alleged that they were familiar with the packaging of a controlled substance but failed to acknowledge the existence or lack thereof of same which begs the question as to why POLICE OFFICER JOHNNY CASTILLO searched Plaintiff's vehicle in the

4

first place. Having knowledge or lack thereof of the way, look or packaging of a controlled substance does not constitute whether defendant officers have found, if any, a controlled substance in Plaintiff's possession. There's no indication that they in fact did. POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE merely alleged that such substance was in plain view which begs the question as to why there was a need for a search of Plaintiff's vehicle.

33. As a direct result of the unlawful arrest and the unlawful acts of the individual Defendants, Plaintiff was kept in custody for a prolonged period of time without probable cause or a reason of such arrest.

34. Additionally, as a direct result of the individual Defendants' unlawful actions, Plaintiff had to make appearances to court so as to clear the charges and allegations made by defendants.

35. Despite defendants' actions, all charges against Plaintiff, KIMBERLY PATELLA, were dismissed on or about August 17, 2013.

36. As a result of the excessive force applied by Defendants POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2, Plaintiff KIMBERLY PATELLA sustained, *inter alia*, injuries to her head, two fractured toes, cervical and lumbar injuries, bruises to her body, shoulder strain including psychological injuries such as mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

37. Defendants POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2 did not have a reasonable basis to apply any force to Plaintiff let alone the force actually applied.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff, KIMBERLY PATELLA, of the

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. As a result of the Defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for her safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. Defendants misrepresented and falsified evidence before the Richmond County District Attorney.

49. Defendants did not make a complete and full statement of facts to the Richmond District Attorney.

50. Defendants withheld exculpatory evidence from the District Attorney.

51. POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE were directly and actively involved in the initiation of criminal proceedings against Plaintiff, KIMBERLY PATELLA.

52. Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE lacked probable cause to initiate criminal proceedings against plaintiff, KIMBERLY PATELLA.

53. Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE acted with malice, actual or implied, in initiating criminal proceedings against plaintiff, KIMBERLY PATELLA

54. Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE lacked probable cause to continue criminal proceedings against Plaintiff, KIMBERLY PATELLA.

55. Specifically, Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE falsely, maliciously, and knowingly alleged that Plaintiff was in possession of a controlled substance on August 16, 2013.

56. Notwithstanding the perjurious and fraudulent conduct of Defendants POLICE OFFICER JOHNNY CASTILLO and SARGEANT ALBERT ANZALONE, the criminal proceedings were terminated in plaintiff's favor on or about August 17, 2013 when the charges against her were dismissed.

57. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints

without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

54. Plaintiff, KIMBERLY PATELLA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. Plaintiff was subjected to a search of her vehicle without privilege or consent.

56. As a result of the foregoing, plaintiff, KIMBERLY PATELLA, was subjected to an unreasonable and intrusive search of her vehicle in violation of her rights to be free from unreasonable search, as secured by the Constitution of the United States.

## PENDANT STATE CLAIMS

57. Plaintiff, KIMBERLY PATELLA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. On or about November 12, 2013 and within (90) days required by the General Municipal Law 50(e), the plaintiff duly served upon, presented to and filed, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

59. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60. The City of New York conducted a hearing pursuant to General Municipal Law § 50-h on January 14, 2014.

61. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

62. Plaintiff has complied with all conditions precedent to maintaining the instant action.

63. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

64. Plaintiff, KIMBERLY PATELLA, repeats, reiterates, and realleges each and every

8

allegation set forth above with the same force and effect as if fully set forth herein and at length.

65. Plaintiff, KIMBERLY PATELLA, specifically repeats, reiterates and reallages each and every allegation set forth above in paragraphs 47-57 as it pertains to Plaintiff's malicious prosecution under state law.

## SIXTH CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

66. Plaintiff, KIMBERLY PATELLA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

67. That by reason of the battery, Plaintiff was harmed physically while unlawfully detained and that the Plaintiff was otherwise harmed as a result of the individually named Defendants POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2.

68. As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK STATE LAW VIA ASSAULT

69. Plaintiff, KIMBERLY PATELLA, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

70. That on the aforementioned date, time and place, the individual Defendants POLICE OFFICER JOHNNY CASTILLO and JOHN DOES #1 and #2 committed the tort of assault against the Plaintiff by causing her to be in apprehension of imminent, harmful, and offensive touching and in so doing, the individually named Defendants herein violated the laws and Constitution of the State of New York and otherwise violated the Plaintiff's rights under New York Law.

71. That by reason of the aforesaid committed by the individually named Defendants in paragraph 70, the Plaintiff suffered and continues to suffer physical injury and that she was otherwise damaged.

9

72. As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
April 8, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: Ryan L. Lawlor, Esq. (RL-7354)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

DOCKET NO.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KIMBERLY PATELLA,

                        Plaintiff,

   -against-

SGT. ALBERT ANZALONE, Shield No. 1262, Individually and in his Official Capacity, Officer JOHNNY CASTILLO, Shield No. 5895, Individually and in his Official Capacity, and Police Officers "JOHN DOES" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                        Defendants.

---

## SUMMONS AND COMPLAINT

---

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

TO:    Sgt. Albert Anzalone, Shield No. 1262
        c/o New York City Police Department-121st Precinct
        970 Richmond Avenue
        Staten Island, New York 10314

        Officer Johny Castillo, Shield No. 5895
        c/o New York City Police Department-121st Precinct
        970 Richmond Avenue
        Staten Island, New York 10314

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                  _____
                                                  RYAN J. LAWLOR, ESQ.